```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WILLIAM SPARKS                  :    CIVIL ACTION
                                :
     v.                         :
                                :
DUCKREY ENTERPRISES, INC.,      :
et al.                          :    NO. 05-2178
```

MEMORANDUM

McLaughlin, J.                                      August 6, 2012

        The plaintiff sued Duckrey Enterprises, Inc. ("Duckrey"), Health Administrators, Inc. ("HAI") and Safeco Life Insurance Co. ("Safeco") under the Employee Retirement and Income Security Act of 1974 ("ERISA") to recover medical benefits that were allegedly due under the plaintiff's employee benefits plan. Those medical benefits were incurred at Crozier-Chester Medical Center ("CCMC") after the plaintiff was repeatedly stabbed during a home invasion in 2002. CCMC moved to intervene in the instant case but that motion was denied; CCMC settled the costs of the hospital bills in state court. In this case, HAI and Safeco moved to dismiss and for summary judgment on the claims against them and the Court granted those motions in a Memorandum and Order of January 30, 2007.

        On February 1, 2007, default was entered against Duckrey for failure to appear, plead or otherwise defend. The plaintiff requested entry of default judgment against Duckrey on Febrary 1, 2007. The Court held two hearings on damages on March

13, 2007 and August 2, 2011, during which the plaintiff testified as to the nature and extent of his injuries. The Court will enter judgment in favor of Sparks and against Duckrey but not as to all of the damages the plaintiff seeks.

A defaulting defendant admits the factual allegations against it except those with respect to damages. See, e.g., Fehlhaber v. Indian Trails, Inc., 425 F.2d 715, 717 (3d Cir. 1970). The plaintiff's allegations establish that Duckrey was a plan administrator and exerted discretionary control over the funds in the plaintiff's benefits plan, rendering it a fiduciary within the meaning of ERISA; the allegations further establish that Duckrey's actions render it liable for breaches of that duty. An individual plaintiff may recover directly for breaches of ERISA fiduciary duty under ERISA § 502(a)(3), under which the Court may award "appropriate equitable relief." Bixler v. Cent. Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1298-99 (3d Cir. 1993). Restitution is a permissible form of relief under that section. In re Unisys Corp. Retiree Ben. ERISA Litig., 57 F.3d 1255, 1269 (3d Cir. 1995).

Attorney's fees may also be awarded in the Court's discretion based upon five factors, including the defendant's culpability, its ability to satisfy a fee award, the deterrent effect of such an award, the benefit conferred on members of the plan as a whole, and the relative merits of the parties'

position.  McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., Inc., 33 F.3d 253, 253 (3d Cir. 1994) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983)).  Here, the allegations of the complaint and the testimony of Mr. Sparks establish that Duckrey's failure to provide Sparks with plan information and properly process his claims resulted in the looming threat of collections by Crozer-Chester Medical Center of nearly $500,000; rendered him unable to seek follow-up medical care including surgical repair of a hernia he sustained and physical therapy following the attack on him.  Am. Compl. ¶ 33, 35.  Duckrey is thus substantially culpable.  The plaintiff testified that Duckrey also operates several Burger King franchises and thus likely is able to satisfy an award of fees. Tr. Hr'g 8/2/11 at 7.  Awarding fees would deter plan administrators from failing to provide the material necessary to submit claims.  There would be no benefit conferred on the plan members as a whole here, except to deter malfeasance.  Finally, the plaintiff's claim is strong and Duckrey has presented no defense to the allegations against it.  The Ursic factors thus favor an award of fees.

  Counsel for the plaintiff submitted detailed billing records as to her fees and costs on February 28, 2012.  The summary of those billing records seeks fees of $93,983.55.  The Court's review of the records as a whole reveals, however, that

only a portion of those fees was associated with pursuing judgment against Duckrey, and a majority of those costs was connected to litigating against HAI and Safeco.  Where the purpose of a charge listed on the attorney fee worksheets is arguably associated with the pursuit of the plaintiff's case against Duckrey, the Court assumes that it was in fact incurred in that pursuit.  For example, all discovery costs associated with CCMC were considered to be associated with the plaintiff's pursuit of his claim for damages.  Accordingly, the Court awards $39,118.55 in attorneys' fees and costs.

      The plaintiff also requests that the Court award restitutionary relief as to the costs of hernia surgery and physical therapy to which he would have been entitled under the plan but that he did not receive because the hospital refused treatment given unpaid bills.  At the hearings in 2007 and 2011 Sparks's counsel made assertions as to the costs of these treatments.  At one point Sparks testified that the costs of the surgery would be between $10,000 and $15,000.  Tr. Hr'g 3/13/07 at 19.  At another time, he testified that it would cost between $15,000 and $30,000.  Tr. Hr'g 8/2/11 at 24.  Alternatively, counsel argued that an evaluation would be necessary to determine the costs of those treatments, stating that it would cost between $1000 and $5000.  Silva also argued that physical therapy would

cost between $5000 and $7000; she stated that she obtained an estimate of those costs, but none was presented. Id. at 11.

The Court will not enter judgment as to these costs because they are either speculative or not supported by the record. No documentary or testimonial evidence of these costs was presented at either damages hearing.

In addition, the plaintiff seeks restitutionary relief for eight visits to his treating physician, Dr. Prime, and for psychological counseling that he received. Again, Silva argued that these costs were $500 and $2500, respectively, but no records were submitted in connection with these costs, and Sparks did not testify to these costs at either hearing. The Court will not award restitution for those costs either.

The Court will, however, award $3200 in restitutionary relief for plan premiums paid by the plaintiff that was ostensibly for the purpose of insuring him under Duckrey's employee benefits plan. When Duckrey failed to pay in connection with the CCMC treatment bills the plaintiff incurred, Sparks did not receive the benefits for which he had paid. Equity requires that the value of the premiums he paid be awarded to him in restitution. An amount of $3200 is adequately supported by the record. Tr. Hr'g 3/13/07 at 15; Tr. Hr'g 8/2/11 at 25.

The plaintiff also seeks statutory damages for Duckrey's failure to provide plan documents to the plaintiff.

The Court may, in its discretion, award up to $100 per day for that failure, 29 U.S.C. § 1132(c)(1).  The Court will not do so because the CCMC medical bills have been settled and the failure to provide plan documents appears only to have prejudiced the plaintiff in connection with those bills.

An appropriate order will issue separately.